IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIAWAN BRITTON, | ) |
| | ) |
|    Plaintiff, | ) |
| | )   CIVIL ACTION |
| vs. | ) |
| | )   FILE No. _____ |
| VISHAL RIVER SHOALS LLC, | ) |
| | ) |
|    Defendant. | ) |

## COMPLAINT

COMES NOW, TIAWAN BRITTON, by and through the undersigned counsel, and files this, his Complaint against Defendant VISHAL RIVER SHOALS LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is proper in the federal District Court for the Northern District

of Georgia, Atlanta Division.

**PARTIES**

3. Plaintiff TIAWAN BRITTON (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Atlanta, Georgia (Fulton County).

4. Plaintiff suffers from Spinal Muscular Atrophy ("SMA") and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and pinching.

6. Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7. Defendant VISHAL RIVER SHOALS LLC (hereinafter "Defendant") is a Georgia limited liability company that transacts business in the state of Georgia and within this judicial district.

8. Defendant may be properly served with process via its registered agent for service, to wit: David A. Weissmann, 3495 Piedmont Road, Building 11, Suite 950, Atlanta, Georgia, 30305.

**FACTUAL ALLEGATIONS**

9. On or about September 25, 2019 and March 30, 2021, Plaintiff was a

customer at "Super Giant Mart," a business located at 5658 Riverdale Road, College Park, Georgia 30349.

10. Defendant is the owner or co-owner of the real property and improvements that are the subject of this action. (The contiguous structures and improvements situated upon said real property shall be referenced herein as the "Facility," and said real property shall be referenced herein as the "Property").

11. Plaintiff lives approximately 12 (twelve) miles from the Facility and Property.

12. Plaintiff's access to the businesses located at 5658 Riverdale Road, College Park, Georgia 30349, Clayton County Property Appraiser's parcel number 13088C A006, and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

13. Plaintiff has visited the Facility and Property at least once before and intends on revisiting the Facility and Property once the Facility and Property are made accessible.

14. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

15. Plaintiff travelled to the Facility and Property as a customer and as an advocate for the disabled, encountered the barriers to his access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

17. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

18. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

19. The Facility is a public accommodation and service establishment.

20. The Property is a public accommodation and service establishment.

21. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal

regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

22. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

23. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

24. The Facility must be, but is not, in compliance with the ADA and ADAAG.

25. The Property must be, but is not, in compliance with the ADA and ADAAG.

26. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, and as an advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers,

conditions and ADA violations more specifically set forth in this Complaint.

27.     Plaintiff intends to visit the Facility and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28.     Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

29.     Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by

Plaintiff and other persons with disabilities.

30. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

**(a) EXTERIOR ELEMENTS:**

(i) The first row[1] of parking spaces on the Property has an accessible parking space that does not have proper identification signage, in violation of section 502.6 of the 2010 ADAAG standards.

(ii) The second row of parking spaces on the Property has three accessible parking spaces, all of which lack proper identification signage, in violation of section 502.6 of the 2010 ADAAG standards. One of the access aisles adjacent to these accessible parking spaces has a cart coral within its boundaries, in violation of sections 502.3 and 502.4 of the 2010 ADAAG standards. The other two access aisles in the second row of

---

[1] For descriptive purposes, the rows of parking spaces on the Property are referenced in numerical order from South to North.

parking spaces have inadequate dimensions, also in violation of section 502.3 of the 2010 ADAAG standards. Further, one of these three access aisles has a pothole within its boundaries that is approximately 6" (six inches), in violation of section 502.4 of the 2010 ADAAG standards.

(iii) The third row of parking spaces on the Property has an accessible parking space that does not have proper identification signage, in violation of section 502.6 of the 2010 ADAAG standards.

(iv) The fourth row of parking spaces on the Property has three accessible parking spaces, all of which lack proper identification signage, in violation of section 502.6 of the 2010 ADAAG standards. Two of these accessible parking spaces share an adjacent access aisle that has a cart coral within its boundaries, in violation of sections 502.3 and 502.4 of the 2010 ADAAG standards.

(v) The fifth row of parking spaces on the Property has two accessible parking spaces, both of which lack proper identification signage, in violation of section 502.6 of the 2010

      ADAAG standards. The two access aisles adjacent to these parking spaces each have inadequate dimensions, in violation of section 502.3 of the 2010 ADAAG standards. Further, the access aisles in this row of parking spaces do not properly adjoin an accessible route, in violation of section 502.3 of the 2010 ADAAG standards.

(vi)    The sixth row of parking spaces on the Property has two accessible parking spaces, both of which lack proper identification signage, in violation of section 502.6 of the 2010 ADAAG standards. The access aisle adjacent to these parking spaces has inadequate dimensions, in violation of section 502.3 of the 2010 ADAAG standards. The accessible route from these spaces leads to a ramp (most proximate to the entrance of the Family Dollar portion of the Facility) that has a running slope exceeding 1:12 (one to twelve), in violation of section 405.2 of the 2010 ADAAG standards, and its side flares have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards. This ramp also has an excessive vertical rise at its base, in violation of section 405.7 of the 2010

ADAAG standards.

(vii) The seventh row of parking spaces on the Property has two accessible parking spaces, both of which lack proper identification signage, in violation of section 502.6 of the 2010 ADAAG standards. The two access aisles adjacent to these parking spaces do not properly adjoin an accessible route, in violation of section 502.3 of the 2010 ADAAG standards.

(viii) The eighth row of parking spaces on the Property has two accessible parking spaces, both of which lack proper identification signage, in violation of section 502.6 of the 2010 ADAAG standards. The accessible route from these accessible parking spaces to the entrance of the most proximate portion of the Facility ("Golden Crown") has a 1" (one inch) vertical rise, in violation of section 403.2 of the 2010 ADAAG standards.

(ix) The walking surfaces of the accessible route on the Property between Suite H and the Family Dollar portions of the Facility have a slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards.

(x) The above-described accessible route between Suite H and the

Family Dollar portions of the Facility also has a total vertical rise greater than 6" (six inches), but does not have handrails complying with section 505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards.

(xi) The walking surfaces of the accessible route on the Property between Family Dollar and Suite F portions of the Facility have a slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards.

(xii) The above-described accessible route between the Family Dollar and Suite F portions of the Facility also has a total vertical rise greater than 6" (six inches), but does not have handrails complying with section 505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards.

(xiii) The walking surfaces of the accessible route on the Property between the Golden Crown and Papa John's portions of the Facility have a slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards.

(xiv) The above-described accessible route between the Golden

    Crown and Papa John's portions of the Facility also has a total vertical rise greater than 6" (six inches), but does not have handrails complying with section 505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards.

(xv)  There is an excessive vertical rise at the base of the accessible ramp on the Property most proximate to the Super Giant Mart portion of the Facility, in violation of sections 405.4 and 405.7 of the 2010 ADAAG standards.

(xvi)  The accessible ramp most proximate to the entrance of the Papa John's portion of the Facility has a running slope exceeding 1:12 (one to twelve), in violation of section 405.2 of the 2010 ADAAG standards, and its side flares have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

**(b)**  **INTERIOR ELEMENTS:**

(i)  The interior of the Super Giant Mart portion of the Facility lacks restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards.

(ii)   The soap dispensers in the restrooms in the Super Giant Mart portion of the Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(iii)  The controls on the faucets in the restrooms in the Super Giant Mart portion of the Facility require pinching and turning of the wrists, in violation of section 309.4 of the 2010 ADAAG standards.

(iv)  The restrooms in the Super Giant Mart portion of the Facility have sinks that do not provide for adequate knee and toe clearance thereunder, in violation of section 606.2 of the 2010 ADAAG standards.

(v)   The urinals in the restroom in the Super Giant Mart portion of the Facility exceeds the maximum permissible height set forth in section 605.2 of the 2010 ADAAG standards.

(vi)  There is inadequate clear turning space in the accessible toilet stalls in the restrooms in the Super Giant Mart portion of the Facility, in violation of section 603.2.1 of the 2010 ADAAG standards.

 (vii) There are ambulatory configuration toilet compartments in the restrooms of the Super Giant Mart portion of the Facility; however, there are no toilet compartments in said restrooms that are compliant with section 604.8.1 of the 2010 ADAAG standards, in violation of section 213.3.1 of the 2010 ADAAG standards.

 (viii) The accessible toilet stall doors in the restrooms in the Super Giant Mart portion of the Facility are not self-closing and/or otherwise violate section 604.8.2.2 of the 2010 ADAAG standards.

31. Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to travel upon the accessible routes on the Property, and more difficult for Plaintiff to utilize all features of the restroom inside the Super Giant Mart portion of the Facility.

32. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

33. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property

in violation of the ADA.

34. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

36. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

37. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

38. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

39. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm

unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

40.     Plaintiff's requested relief serves the public interest.

41.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

42.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

43.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(c)     That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facility and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: April 27, 2021.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich